**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

| | |
|---|---|
| KATHALEEN ST. J. MCCORMICK<br>CHANCELLOR | LEONARD L. WILLIAMS JUSTICE CENTER<br>500 N. KING STREET, SUITE 11400<br>WILMINGTON, DELAWARE 19801-3734 |

August 12, 2024

Jason C. Powell
Thomas Reichert
The Powell Firm
1813 N. Franklin Street
Wilmington, DE 19802

John A. Sergovic, Jr.
Sergovic Carmean Weidman McCartney
& Owens PA
25 Chestnut Street Georgetown, DE
19947

Thomas Uebler
Jeremy J. Riley
Sarah P. Kaboly
McCollom D'Emilio Smith Uebler
2751 Centerville Road, Suite 401
Wilmington, DE 19808

> Re:   *Gwen Thornton v. Louise Lamborn, et al.*,
>        C.A. No. 2022-0842-SEM

Dear Counsel:

This letter opinion resolves Defendant Louise Lamborn's exceptions to the Magistrate's final report recommending that the court deny Lamborn's request for attorneys' fees (the "Final Report").[1] Magistrate Selena E. Molina issued the Final Report on June 17, 2024.[2] Lamborn took exceptions timely, on July 8, 2024.[3] I reassigned this matter to myself for the limited purpose of resolving Lamborn's exceptions.[4] This court applies *de novo* review to the factual and legal findings of a

---

[1] C.A. No. 2022-0842-SEM Docket ("Dkt.") 54.

[2] Dkt. 53.

[3] Dkt. 54; *see* Dkt. 53 ¶ 5.

[4] Dkt. 55.

Magistrate.[5]  I have reviewed Lamborn's motion *de novo*, and I agree with the Magistrate's well-reasoned Final Report.

Delaware courts follow the American Rule that each party is expected to pay its own attorneys' fees regardless of the outcome of the litigation.[6]  The court, however, retains the ability to shift fees when faced with vexatious litigation conduct "to deter abusive litigation and to protect the integrity of the judicial process."[7]  "Delaware courts have shifted fees for glaringly egregious conduct, such as forcing a plaintiff to file suit to secure a clearly defined and established right, unnecessarily prolonging or delaying litigation, falsifying records, or knowingly asserting frivolous claims."[8]  This exception only applies in extraordinary cases.[9]

Lamborn claims that the plaintiff knew this court would dismiss this action and filed it only to increase Lamborn's legal fees.  But Lamborn's theory lacks strong evidence showing the plaintiff's intent.  I therefore decline to shift fees.

The exceptions are overruled.  The Magistrate's Final Reports dated January 29, 2024 and June 17,  2024, are adopted and final.

IT IS SO ORDERED.

---

[5] *DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999).

[6] *Chrysler Corp. v. Dann*, 223 A.2d 384, 386 (Del. 1966) ("a litigant must, himself, defray the cost of being represented by counsel").

[7] *Montgomery Cellular Hldg. Co. v. Dobler*, 880 A.2d 206, 227 (Del. 2005) (citation omitted).

[8] *Pettry v. Gilead Scis., Inc.*, 2021 WL 3087027, at *1 (Del. Ch. July 22, 2021) (cleaned up) (compiling cases).

[9] *RBC Cap. Mkts., LLC v. Jervis*, 129 A.3d 816, 877 (Del. 2015) (cleaned up).

Sincerely,

*/s/ Kathaleen St. J. McCormick*

Chancellor

cc:     All counsel of record (by *File & ServeXpress*)